IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| BRYAN KEITH RICHARDSON | § | |
| VS. | § | CIVIL ACTION NO. 1:16-CV-35 |
| LORETTA LYNCH, ET AL. | § | |

MEMORANDUM OPINION

Plaintiff Bryan Keith Richardson, a prisoner previously confined at the United States Penitentiary in Beaumont, Texas, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),[1] against former Attorney General Loretta Lynch, Bureau of Prisons Director Charles Samuels, Jr., Physician Assistant Henderson, Health Service Administrator Mallett, Nurse Byrd, Dr. Sreedhar Polavarapu, Dr. Michael Oszcakiewicz, Acting Regional Counsel Jason Sickler, Acting Regional Director D. J. Harmon, Warden Frank Lara, Administrator of National Inmate Appeals Ian Connors, Dr. Reddy Keshava, and League Medical Concepts. Plaintiff alleges he received inadequate medical care for a torn meniscus and a mass in his lung.

Factual Background

Plaintiff was transferred to the Beaumont penitentiary on July 24, 2015. At the time of his transfer, plaintiff alleges he suffered from a torn meniscus in his left knee and a possible lung tumor. Plaintiff was seen by a physician, defendant Polavarapu, for a chronic care visit on August 4, 2015. Plaintiff subsequently complained to defendant Mallett, the Health Service Administrator, that he was dissatisfied with the pain reliever prescribed by defendant Polavarapu. Defendant Mallett responded that petitioner had been prescribed Gabapentin for nerve pain, neuralgia neuritis, radiculitis, and derangement of posterior medial meniscus. Defendant Mallett stated that the

---

[1] Plaintiff also identified the United States of America as a defendant. In addition to the *Bivens* claims raised against individual defendants, plaintiff contends the United States of America is liable for damages under the Federal Tort Claims Act (FTCA) for medical malpractice and negligence in the treatment of his knee injury and possible lung tumor. Plaintiff has filed an FTCA action concerning those claims. Because the FTCA claims are being addressed in Civil Action No. 1:16-CV-62, they will not be addressed in this action.

prescription was later discontinued due to plaintiff's refusal to take it, and he was prescribed Naproxen. Defendant Mallett also told plaintiff that the physician ordered a cane and a knee brace for him.

On September 7, 2015, plaintiff sent an electronic message to defendant Mallett in which he complained that he was not properly treated for his "serious lung tumor" and was not scheduled for surgery to repair his torn meniscus. Defendant Mallett responded that the physician had concluded that orthopedic surgery was not needed at that time.

Plaintiff complained about his medical treatment to the warden and filed administrative remedies complaining about the delayed orthopedic surgery on his knee. On September 7, 2015, defendant Lara responded that the medical staff indicated that the knee condition was not life threatening, and he advised plaintiff that the orthopedic surgery would be scheduled after plaintiff completed treatment for the mass in his lung. On September 11, 2015, defendant Lara notified plaintiff that he had a medical appointment scheduled for September 16, 2015. On September 24, 2015, defendant Connors advised plaintiff that he would be scheduled for knee surgery in the near future. Plaintiff also complained about his medical treatment to defendants Samuels and Sickler.

On October 14, 2015, a CT scan of plaintiff's chest showed a mass in his right lung. On October 23, 2015, the results were reviewed by defendant Polavarapu, who advised referring plaintiff to a specialist for a biopsy. On October 28, 2015, plaintiff was sent to Associated Cardiovascular and Thoracic Surgeons for an office consultation. After conducting a physical examination and reviewing the films, the specialist, defendant Osczakiewicz, recommended a "right thoracotomy with wedge resection of the right lower lung mass and possible lobectomy."

On November 10, 2015, plaintiff had surgery at Baptist Hospital in Beaumont. The pathology report reflected that two biopsy samples and the section of the lung containing the mass were negative for malignancy, but the samples were consistent with an infection. On November 17, 2015, plaintiff was evaluated by an infectious disease specialist, defendant Keshava. Defendant Keshava recommended various tests, and suggested that plaintiff start on tuberculosis medications

due to the possibility that the lung damage was caused by tuberculosis. Plaintiff remained in the hospital until November 23, 2015. Prior to his release, plaintiff had additional chest x-rays and was tested for tuberculosis. The initial tuberculosis test result was negative, but plaintiff was treated for tuberculosis pending the final results from the tissue cultures. The x-ray report showed that "the right pneumothorax is resolved. There are strandy scarring or atelectatic changes which persist in the right base unchanged."

On January 11, 2016, plaintiff went to his weekly medical appointment with Nurse Young, who examined him and advised plaintiff to come back later to by seen by defendant Henderson, a Physician's Assistant. Defendant Henderson ordered a chest x-ray. On January 12, 2016, plaintiff saw defendant Polavarapu. Plaintiff reported swelling and pain below his ribs. Defendant Polavarapu told plaintiff that it was "nothing," that plaintiff did not have tuberculosis, and that he would inquire as to when the tuberculosis medications could be discontinued.

Plaintiff went to an appointment at the Beaumont Bone and Joint Clinic on March 8, 2016. The clinic notes upon his return to the prison reflect that plaintiff was tentatively scheduled for arthroscopic surgery on his knee on May 7, 2016. Plaintiff alleges he had surgery to repair his torn meniscus in May 2016.

On June 29, 2016, plaintiff was transferred to the Federal Correctional Institution in El Reno, Oklahoma.

<u>Standard of Review</u>

An *in forma pauperis* proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191,

193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint does not need detailed factual allegations, but the plaintiff must allege sufficient facts to show more than a speculative right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate if the complaint does not include enough facts to state a claim that is plausible on its face. *Id*. at 570. Conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim. *Id*. at 555.

## Analysis

A victim who has suffered a constitutional violation by a federal actor may recover damages in federal court. *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 395-97 (1971). A *Bivens* action is analogous to an action brought under 42 U.S.C. § 1983, which applies to constitutional violations by state, rather than federal, officials. *Abate v. Southern Pac. Transp. Co.*, 993 F.2d 107, 110 n.14 (5th Cir. 1993). Thus, the analysis of plaintiff's claims are the same regardless of whether they arise under § 1983 or *Bivens*. *See Evans v. Ball*, 168 F.3d 856, 862-63 (5th Cir. 1999)("Because a *Bivens* action parallels a § 1983 action, we reason that a plaintiff attempting to base a *Bivens* claim on a prosecution unsupported by probable cause must establish all the elements of malicious prosecution....").

Plaintiff contends the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by delaying his knee surgery and by unnecessarily removing part of his lung. Although the Eighth Amendment does not explicitly mandate a certain level of medical care for prisoners, the cruel and unusual punishment clause of the United States Constitution has been interpreted to impose a duty on prison officials to provide inmates with adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999). A prison official's deliberate indifference to the serious medical

4

needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment, whether the indifference is manifested by prison doctors or by prison guards. *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976); *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 754 (5th Cir. 2001).

An Eighth Amendment claim consists of two components--one objective and one subjective. *Farmer*, 511 U.S. at 839. To satisfy the objective requirement, the plaintiff must prove that he was exposed to a substantial risk of serious harm. *Id.* at 834; *Lawson v. Dallas County*, 286 F.3d 257, 262 (5th Cir. 2002). The plaintiff must also demonstrate that the defendant was deliberately indifferent to that risk. *See Farmer*, 511 U.S. at 834; *Lawson*, 286 F.3d at 262. The deliberate indifference standard is a subjective inquiry; the plaintiff must establish that the defendant was aware of an excessive risk to plaintiff's health or safety, and yet consciously disregarded the risk. *Farmer*, 511 U.S. at 840-41; *Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002); *Stewart*, 174 F.3d at 534.

Under exceptional circumstances, the defendant's knowledge of a substantial risk of harm may be inferred by the obviousness of the risk. *Farmer*, 511 U.S. at 842; *Harris v. Hegman*, 198 F.3d 153, 159 (5th Cir. 1999); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995).

Mere negligence, neglect, or medical malpractice does not rise to the level of a constitutional violation. *Domino*, 239 F.3d at 756 ("It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference."); *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999)("[A]llegations of malpractice or negligence will never state a claim under the Eighth Amendment."); *Stewart*, 174 F.3d at 534. Nor does an inmate's disagreement with his medical treatment amount to an Eighth Amendment violation. *Stewart*, 174 F.3d at 537; *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). "Rather, the plaintiff must show that the officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any

5

similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Domino*, 239 F.3d at 756 (quoting *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985)).

Although plaintiff's knee surgery was delayed, there are no factual allegations demonstrating that the defendants were aware of plaintiff's medical condition and chose not to treat it. The medical records plaintiff submitted as part of his amended complaint show that the knee surgery was delayed due to the mass in plaintiff's lung, which the medical providers considered to be potentially life threatening. Plaintiff's allegations do not establish a wanton disregard of plaintiff's knee injury. In addition, plaintiff's complaint about the pain medication he received is a disagreement over medical care, which does not rise to the level of an Eighth Amendment violation.

Plaintiff contends that he should have had a biopsy or other testing to determine whether the mass in his lung was malignant before he had surgery to remove that portion of his lung, and that he should not have been prescribed medications to treat tuberculosis. At most, plaintiff's allegations support a finding that the defendants were negligent, but demonstrating that the defendants were negligent or failed to act reasonably is not enough to show a constitutional violation. *Mace v. City of Palestine*, 333 F.3d 621, 626 (5th Cir. 2003); *Domino*, 239 F.3d at 756 ("It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference."); *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999)("[A]llegations of malpractice or negligence will never state a claim under the Eighth Amendment."); *Stewart*, 174 F.3d at 534.

Defendants Lynch, Samuels, Sickler, Harmon, Lara, and Connors were not personally involved in plaintiff's medical treatment; they only reviewed complaints and grievances plaintiff filed regarding his medical care. Although plaintiff is dissatisfied with their responses, inmates do not have a protected liberty interest in having grievances resolved to their satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Plaintiff has not demonstrated that defendants Lynch, Samuels, Sickler, Harmon, Lara, or Connors were aware of an excessive risk to plaintiff's health or safety, or that they consciously disregarded such a risk.

Conclusion

For the reasons set forth above, this civil rights action is frivolous and fails to state a claim upon which relief may be granted. Therefore, the action should be dismissed pursuant to 28 U.S.C. § 1915(e). A final judgment shall be entered in accordance with this Memorandum Opinion.

**SIGNED** this the **1** day of **March, 2019.**

_____
Thad Heartfield
United States District Judge